UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DHYLAN J. GUERRERO-PESCA,

       Plaintiff,

v.                 Case No. 25-cv-510-pp

UNIT MANAGER STUDZINSKI, *et al.*,

       Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

  Plaintiff Dhylan J. Guerrero, who is incarcerated at the Wisconsin Resource Center and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)**

  The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On April 24, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $34.64. Dkt. No. 7. The court received that fee on May 5, 2025. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.    Screening the Complaint**

    A.    <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). <u>See</u> <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that he was incarcerated at the Racine Correctional Institution during the events described in the complaint. Dkt. No. 1 at ¶4. He alleges that between July 25 and 27, 2024, he informed defendant Unit Manager Studzinski "about his safety concerns in his cell due to communication issues and his cellmate's behavior." Id. at ¶9. The plaintiff allegedly requested "an immediate relocation, but no concrete action was taken, nor were plaintiff's concerns officially recorded." Id.

The plaintiff states that on July 30, 2024, his cellmate brutally physically assaulted him. Id. at ¶10. The plaintiff states that he tried to escape and call

3

for help, but that "no immediate intervention occurred, despite other inmates alerting security personnel." Id. During the attack, the plaintiff allegedly was physically restrained with hands around his neck and face, leaving him unconscious. Id. at ¶11. The plaintiff states that the staff failed to intervene in the attack for more than an hour and forty-five minutes, which endangered his life. Id. The plaintiff states that because of the incident, he suffered "serious physical injuries, psychological distress, and a deep sense of institutional neglect." Id. at ¶12.

The plaintiff claims that Studzinski violated his constitutional rights and "Wisconsin Work Rules # 3, 4, and 13" because Studzinski did not address the plaintiff's concerns about his cellmate. Id. at ¶15. The plaintiff also claims that the Doe defendants, John Doe(s) Correctional Sergeant and Officer, ignored the cries for help from other incarcerated individuals while the plaintiff's cellmate was attacking him, in violation of his constitutional rights. Id. at ¶13. The plaintiff claims that the defendants' actions amounted to negligence in violation of Wisconsin state law. Id. For relief he seeks compensatory and punitive damages. Id. at ¶¶17-19.

C.  Analysis

The Eighth Amendment requires prison officials to protect incarcerated persons from violence at the hands of other incarcerated persons. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Prison officials who do not protect one incarcerated individual from another may be found liable under the Eighth Amendment only if two requirements are met: first, the incarcerated individual

4

must have been exposed to a risk of objectively serious harm, and second, the prison official must have had actual knowledge of that risk and responded with deliberate indifference. See LaBrec v. Walker, 948 F.3d 836, 841 (7th Cir. 2020); see also Farmer, 511 U.S. at 837-38.

The court will allow the plaintiff to proceed on an Eighth Amendment claim against Studzinski in his individual capacity for allegedly failing to address the plaintiff's concerns about his cellmate. The plaintiff's allegations that the Doe defendants ignored the cries for help during the attack implicates the plaintiff's rights under the Eighth Amendment and the court will allow the plaintiff to proceed against them. The plaintiff must use discovery to identify the names of the Doe defendants. The court will exercise supplemental jurisdiction over the plaintiff's claims that the defendants' actions amount to negligence. See 28 U.S.C. §1367(a).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Unit Manager Studzinski. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the complaint within sixty (60) days.

5

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$315.36** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Superintendent at the Wisconsin Resource Center, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 5th day of June, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

7

Case 2:25-cv-00510-PP    Filed 06/05/25    Page 7 of 7    Document 8